UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

**GIUSEPPE COLLARINO**
SSN: XXX-XX-0448
**ELEONORA GONZALEZ**
SSN: XXX-XX-1883

    Debtors.    /

CASE NO.:  16-19650-BKC-LMI
Chapter 7

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS AND (B) TURNOVER OF THE ESTATE'S INTEREST IN THE DEBTORS' 2016 TAX REFUND**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Giuseppe Collarino and Eleonora Gonzalez (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Turnover of the Estate's Interest in the Debtors' 2016 Tax Refund (the "Motion"), and in support thereof, states as follows:

### I.    Background

1.    This case commenced with the filing of a voluntary Chapter 7 Petition on July 11, 2016.  Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.    The Trustee has evaluated the Debtors' property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtors is in the best interests of the Estate.  The details of the analysis and agreement are set forth in the Stipulation for

Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Turnover of the Estate's Interest in the Debtors' 2016 Tax Refund, attached hereto as Exhibit "A."

3.  The Stipulation provides for the repurchase of Debtors' non-exempt assets (the "Settlement").

4.  Pursuant to the terms of the Stipulation, the Debtors have agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtors' non-exempt property and resolution of the other matters set forth in the Stipulation.

5.  The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II. Legal Standard for Settlement

6.  Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7.  As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, <u>inter alia</u>, relief without a hearing for motions to approve settlement.

8. The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9. According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    (a) the probability of success in the litigation;

    (b) the difficulties, if any, to be encountered in the matter of collection;

    (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Giuseppe Collarino and Eleonora Gonzalez, respectfully requests this Honorable Court

enter an Order (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on January 27, 2017, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

                Respectfully submitted,

                /s/ Joel L. Tabas
                Joel L. Tabas
                Florida Bar No. 516902
                Tabas & Soloff, P.A.
                Attorneys for the Chapter 7 Trustee
                14 Northeast First Avenue - Penthouse
                Miami, Florida 33132
                Telephone:   (305) 375-8171
                Telefax:       (305) 381-7708
                JTabas@tabassoloff.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:　　　　　　　　　　　　　　　　　　　　　CASE NO.: 16-19650-BKC-LMI
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 7
**GIUSEPPE COLLARINO**
SSN: XXX-XX-0448
**ELEONORA GONZALEZ**
SSN: XXX-XX-1883
　　　　Debtor(s).　　　　　/

**STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS AND (B) TURNOVER OF THE ESTATE'S INTEREST IN THE DEBTORS' 2016 TAX REFUND**

Joel L. Tabas, as Chapter 7 Trustee, and the Debtors, Giuseppe Collarino and Eleonora Gonzalez (the "Debtors"), enter into this Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Turnover of the Estate's Interest in the Debtors' 2016 Tax Refund (the "Stipulation"). The Trustee and the Debtors agree upon the following terms and conditions:

1. This case commenced with the filing of a voluntary Chapter 7 Petition on July 11, 2016. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2. The Schedules list certain property (collectively, the "Property").

3. The Debtors have claimed a portion of the Property as exempt.

4. Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.

5. The Debtors dispute certain aspects of the Trustee's analysis.

**THE SETTLEMENT**

6. The Trustee and the Debtors agree to a global resolution of all issues in this case and to compromise (A) the valuation and repurchase of the non-exempt interest in the Property for $7,200.00 (the "Settlement Amount") and (B) turnover of the Estate's 52% interest in the Debtors' 2016 tax refund (the "Refund").

GC  EG
Initials



EXHIBIT "A"

CASE NO.: 16-19650-BKC-LMI

7. The Trustee and the Debtors agree that the Settlement Amount provides for the repurchase of all of the Debtors' non-exempt assets which interests include the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| 2011 Jeep Patriot | 28.24% | $ 2,032.94 |
| HHG | 25.11% | $ 1,808.12 |
| Cash | 0.18% | $ 12.74 |
| Bank accounts | 37.63% | $ 2,709.31 |
| Debtor's business | 8.85% | $ 636.89 |

8. The Trustee and the Debtors agree that the Settlement Amount shall be paid in eighteen (18) consecutive monthly installments of $400.00 each month, with the first payment to be made on or before February 28, 2017 and each subsequent payment due on the same day each month thereafter until a total amount of $7,200.00 is paid in full by July 28, 2018.

9. Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Giuseppe Collarino and Eleonora Gonzalez, Case No.: 16-19650-BKC-LMI," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

**OTHER TERMS AND CONDITIONS**

10. The Debtors agree that 52% of the Refund, if any, is property of the Estate, and consent to the direct payment by the Internal Revenue Service ("IRS") of the full amount the Refund to the Trustee. To the extent that the IRS does not forward the Refund directly to the Trustee, the Debtors agree to forward the Refund check received from the IRS to the Trustee immediately upon receipt of same. In the event that the IRS or the Debtors send the Refund check directly to the Trustee, then with ten (10) days after receipt of the Refund check, the Trustee will retain the Estate's 52% interest in the Refund and the lesser of 48% of the Refund check or $2,500, which shall be applied to the Settlement Amount, and remit the balance of the Refund to the Debtors. In the event that the Debtors receive the Refund by electronic transfer or direct deposit, the Debtors agree to remit 52% of the full amount of the Refund received, plus

GC  EG
Initials

2

CASE NO.: 16-19650-BKC-LMI

the lesser of 48% of the Refund or $2,500, in the form of a cashier's check or money order, to the Trustee, within ten (10) days of receipt. The Debtors further agree not to spend any portion of the Refund, or take any actions, including but not limited to instructing the IRS to apply the Refund to future tax obligations, which would impair the Estate's interest in the Refund.

11. The Debtors agree to file their 2016 Federal Income Tax Return on or before April 15, 2017, and to provide a copy to the Trustee within three (3) days of filing same.

12. Additionally, the Debtors agree to apply up to $2,500.00 from the non-Estate portion of the Refund to the balance owed on the Settlement Amount.

13. With regard to the repurchase of the Debtor's non-exempt interest in the vehicle included in the Property, the Debtor agrees to: (i) maintain full liability and property damage insurance on all vehicle until such time as the Settlement Amount is paid in full; and (ii) name Joel L. Tabas, Trustee as loss payee and additional insured on the insurance policy for the vehicle and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtor further agrees that upon the lapse of said policy, the Debtor shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

14. The Debtors represent and warrant that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtors have failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

GC  EG
Initials

CASE NO.: 16-19650-BKC-LMI

15. In the event that the Debtors fails to comply with the terms of this Stipulation, or should any of the Debtors' representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest on any unpaid balance due after default and expiration of any cure period, which interest shall accrue from the date of default at the federal statutory rate, attorneys' fees and costs. In the event of of the Debtors' default, the Trustee shall notify Debtors' counsel, Jeffrey N. Schatzman, of such default via email at JSchatzman@Schatzmanlaw.com and the Debtors shall then have ten (10) days to cure such default. Further, after default by the Debtors and expiration of any cure period, the Trustee may file a verified Notice of Default and submit an Order to the Court seeking to revoke the Debtor(s)' discharge, if warranted. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtors' discharge will not be revoked without notice and a hearing.

16. Within three (3) days after Bankruptcy Court approval of this Stipulation, the Trustee shall withdraw his Objection to Debtors' Scheduled Valuation and Claimed Exemption of Scheduled Property [D.E. #65].

17. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

GC  EG
---
Initials

4

CASE NO.: 16-19650-BKC-LMI

18. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

19. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

Dated this __25__ day of January, 2017.        Dated this __26__ day of January, 2017.

_____              _____
Giuseppe Collarino                            Joel L. Tabas, Trustee
357 W 46TH ST                                 14 N.E. First Avenue, Penthouse
Miami Beach, FL 33140-3127                    Miami, Florida  33132
                                              Telephone: (305) 375-8171
                                              Facsimile: (305) 381-7708

Dated this __25__ day of January, 2017.

_____
Eleonora Gonzalez
357 W 46TH ST
Miami Beach, FL 33140-3127

Dated this 25th day of January, 2017.

_____
Jeffrey N. Schatzman, Esq.
Attorney for the Debtors
Schatzman & Schatzman, P.A.
9990 S.W. 77th Ave
Penthouse 2
Miami, FL 33156

GC   EG
_____
Initials

5

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                 CASE NO.:  16-19650-BKC-LMI
                                                                       Chapter 7
**GIUSEPPE COLLARINO**
SSN: XXX-XX-0448
**ELEONORA GONZALEZ**
SSN: XXX-XX-1883

     Debtors.           /

[PROPOSED]
**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION
FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND
REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS AND (B) TURNOVER OF THE
<u>ESTATE'S INTEREST IN THE DEBTORS' 2016 TAX REFUND</u>**

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Turnover of the Estate's Interest in the Debtors' 2016 Tax Refund (the "Motion"), and the Court, having reviewed the Motion, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, finding that the notice of the proposed compromise and

**EXHIBIT "B"**

settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, and the movant, by submitting this form of order, having represented that the motion was served on all parties required by Local Rule 9013-1(D), that the 21-day response time provided by that rule has expired, that no one has filed, or served on the movant, a response to the motion, and that the form of order was attached as an exhibit to the motion, it is

    **ORDERED** as follows:

    1.    The Motion is granted.

    2.    The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

    The Trustee and the Debtors agree that the Settlement Amount provides for the repurchase of the Debtors' interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| 2011 Jeep Patriot | 28.24% | $ 2,032.94 |
| HHG | 25.11% | $ 1,808.12 |
| Cash | 0.18% | $ 12.74 |
| Bank accounts | 37.63% | $ 2,709.31 |
| Debtor's business | 8.85% | $ 636.89 |

    The Trustee and the Debtors agree that the Settlement Amount shall be paid in eighteen (18) consecutive monthly installments of $400.00 each month, with the first payment to be made on or before February 15, 2017 and each subsequent payment due on the same day each month thereafter until a total amount of $7,200.00 is paid in full by July 15, 2018.

    The Debtors agree that 50% of the Refund, if any, is property of the Estate, and consent to the direct payment by the Internal Revenue Service ("IRS") of the full amount the Refund to the Trustee. To the extent that the IRS does not forward the Refund directly to the Trustee, the Debtors agree to forward the Refund check received from the IRS to the Trustee immediately upon receipt of same. In the event that the Debtors receive the Refund by electronic transfer or direct deposit, the Debtors agree to remit the full amount of the Refund received, in the form of a cashier's check or money order, to the Trustee, within ten (10) days of receipt if the Refund check, the Trustee will retain the Estate's 52% interest in the Refund and the lesser of 48% of the Refund check or $2,500.00, which shall be applied to the Settlement Amount, and remit the balance of the Refund to the Debtors. In the event that the Debtors receive the Refund by electronic transfer

or direct deposit, the Debtors agree to remit 52% of the full amount of the Refund received and the lesser of 48% of the Refund check or $2,500.00, in the form of a cashier's check or money order, to the Trustee, within ten (10) days of receipt. The Debtors further agree not to spend any portion of the Refund, or take any actions, including but not limited to instructing the IRS to apply the Refund to future tax obligations, which would impair the Estate's interest in the Refund.
The Debtors agree to file their 2016 Federal Income Tax Return on or before April 15, 2017, and to provide a copy to the Trustee within three (3) days of filing same.

The Debtors agree to file their 2016 Federal Income Tax Return on or before April 15, 2017, and to provide a copy to the Trustee within three (3) days of filing same.

Additionally, the Debtors agree to apply up to $2,500.00 from the non-Estate portion of the Refund to the balance owed on the Settlement Amount.

3.    The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:

Joel L. Tabas
Tabas & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone:    (305) 375-8171
Facsimile:    (305) 381-7708
Email: jtabas@tabassoloff.com

Copy furnished to:

Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.

| | | |
|---|---|---|
| 16-19650-LMI<br>BMW Financial Services NA, LLC,<br>Ascension Capital Group<br>P.O. Box 201347<br>Arlington, TX 76006-1347 | 16-19650-LMI<br>ARS<br>1801 NW 66th Ave<br>Fort Lauderdale, FL 33313-4571 | 16-19650-LMI<br>ARS National Services, Inc.<br>PO Box 463023<br>Escondido, CA 92046-3023 |
| 16-19650-LMI<br>Account Resolution Services<br>PO Box 459079<br>Sunrise, FL 33345-9079 | 16-19650-LMI<br>Allied Interstate<br>12755 Highway 55 # 300<br>Plymouth, MN 55441-4676 | 16-19650-LMI<br>Ally Financial<br>200 Renaissance Ctr<br>Detroit, MI 48243-1300 |
| 16-19650-LMI<br>American Coradius International<br>2420 Sweet Home Rd Ste 150<br>Amherst, NY 14228-2244 | 16-19650-LMI<br>BCA Financial Services, Inc.<br>18001 Old Cutler Rd Ste 402<br>Miami, FL 33157-6434 | 16-19650-LMI<br>BMW FINANCIAL SERVICES<br>CUSTOMER SERVICE CENTER<br>PO BOX 3608<br>DUBLIN OH 43016-0306 |
| 16-19650-LMI<br>Balance Healthcare Receivables<br>141 Burke St<br>Nashua, NH 03060-4757 | 16-19650-LMI<br>Balance Healthcare Receivables<br>146 Burke St # 201<br>Nashua, NH 03060-4742 | 16-19650-LMI<br>Bank of America, N.A.<br>9000 Southside Blvd Bldg 700<br>Jacksonville, FL 32256-6705 |
| 16-19650-LMI<br>Bank of America, N.A.<br>c/o Law Offices of Marshall C. Watson<br>1800 NW 49th St Ste 120<br>Fort Lauderdale, FL 33309-3092 | 16-19650-LMI<br>CAVALRY PORTFOLIO SERVICES LLC<br>500 SUMMIT LAKE DR<br>STE 400<br>VALHALLA NY 10595-2322 | 16-19650-LMI<br>Capital Management Services, LP<br>726 Exchange St Ste 700<br>Buffalo, NY 14210-1464 |
| 16-19650-LMI<br>Central Financial Control<br>PO Box 66044<br>Anaheim, CA 92816-6044 | 16-19650-LMI<br>Collection Information Bureau, Inc.<br>PO Box 1467<br>Lake Worth, FL 33460-1467 | 16-19650-LMI<br>Complete Collection Service<br>1007 N Federal Hwy # 280<br>Fort Lauderdale, FL 33304-1422 |
| 16-19650-LMI<br>Encore Receivable Management, Inc.<br>PO Box 3330<br>Olathe, KS 66063-3330 | 16-19650-LMI<br>FirstSource Advantage, LLC<br>205 Bryant Woods S<br>Amherst, NY 14228-3609 | 16-19650-LMI<br>General Electric Capital Corporation<br>1010 Thomas Edison Blvd SW<br>Cedar Rapids, IA 52404-8247 |
| 16-19650-LMI<br>Mercantile Adjustment Bureau<br>165 Lawrence Bell Dr Ste 100<br>Williamsville, NY 14221-7900 | 16-19650-LMI<br>Midland Credit Management<br>8875 Aero Dr<br>San Diego, CA 92123-2255 | 16-19650-LMI<br>Midland Credit Management, Inc.<br>2365 Northside Dr Ste 300<br>San Diego, CA 92108-2709 |
| 16-19650-LMI<br>National Credit Adjusters<br>PO Box 3023<br>Hutchinson, KS 67504-3023 | 16-19650-LMI<br>Northland Group, Inc.<br>PO Box 390846<br>Minneapolis, MN 55439-0846 | 16-19650-LMI<br>Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 |
| 16-19650-LMI<br>Patient Account Services<br>5100 W Copans Rd Ste 500<br>Margate, FL 33063-7733 | 16-19650-LMI<br>SLS<br>8742 Lucent Blvd Ste 300<br>Highlands Ranch, CO 80129-2386 | 16-19650-LMI<br>Tate & Kirlin Associates<br>2810 Southampton Rd<br>Philadelphia, PA 19154-1207 |

16-19650-LMI
The Ambassador Condominium
c/o Beachway Property Management
PO Box 398718
Miami Beach, FL  33239-8718

16-19650-LMI
Wells Fargo Bank, N.A.
c/o Riyaaz A. Sidat, Esq. Albertelli Law
PO Box 23028
Tampa, FL  33623-2028

16-19650-LMI
White Box Corporation
357 W 46th St
Miami Beach, FL  33140-3127

16-19650-LMI
**Eleonora Gonzalez**
**357 W 46th St**
**Miami Beach, FL 33140-3127**

16-19650-LMI
**Giuseppe Collarino**
**357 W 46th St**
**Miami Beach, FL 33140-3127**

16-19650-LMI
Jeffrey N Schatzman
9990 SW 77 Ave PH 2
Miami, FL 33156-2661

16-19650-LMI
Kelly K Roberts
Conch Mediations
12954 SW 133rd Court
Miami, FL 33186-5806

16-19650-LMI
Thomas A Bastian
14 NE 1 Ave 15 Fl
Miami, FL 33132-2431